**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 186 WAL 2024 |
| | : |
| Respondent | : |
| | : Petition for Allowance of Appeal |
| | : from the **Unpublished** |
| v. | : **Memorandum and Order** of the |
| | : Superior Court at No. 344 WDA |
| | : 2023, entered on April 5, 2024, |
| ROMAN ELLIS, | : **affirming** the PCRA Order of the |
| | : Allegheny County Court of Common |
| Petitioner | : Pleas at No. CP-02- |
| | : CR-0007677-1994, entered on |
| | February 14, 2023 |

## ORDER

**PER CURIAM**

    **AND NOW**, this 8th day of July, 2025, we **GRANT** the Petition for Allowance of Appeal, in part, **LIMITED TO** Petitioner's first issue, **VACATE** the Superior Court's decision to the extent that it affirmed the PCRA court's dismissal of Petitioner's after-discovered evidence claim relative to the impartiality of the jury as untimely filed under Section 9545(b)(1)(ii) of the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9545(b)(1)(ii) (providing exception to PCRA's one-year jurisdictional time-bar when petitioner pleads and proves that "facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"), and **REMAND** the matter to the Superior Court to consider the timeliness of Petitioner's PCRA petition under the appropriate standard—*i.e.*, by applying the standard relative to the newly discovered facts exception to the PCRA's jurisdiction time-bar rather than the after-discovered evidence standard. *See* 42 Pa. C.S. § 9543(a)(2)(vi) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of

the evidence . . . [t]hat the conviction or sentence resulted from . . . [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."). Allocatur is **DENIED** as to all remaining issues.